Baker, Judge, concurring.
*604 [26] I fully concur with the majority opinion. I write separately to acknowledge the State's compelling argument that when D.Z. sat down with Dowler, it was merely a school disciplinary meeting that in no way implicated D.Z.'s Miranda rights. Historically speaking, there is truth in that argument. Unfortunately, I believe it ignores the reality of today's school hallways. The frequent-in some places, constant-presence of officers in our schools has, in my view, changed the nature of the school disciplinary process.
[27] In this case, Dowler and Officer Flynn investigated the vandalism together. Together, they reviewed surveillance footage, conducted a methodical search of the boys' restrooms, and pinpointed D.Z. as the primary suspect. Dowler initially interviewed D.Z. without Officer Flynn. Immediately after that interview, however, Dowler informed Officer Flynn of the content of his conversation with D.Z., which ultimately led to an allegation that D.Z. was delinquent. Under these circumstances, and given the general evolution of the school disciplinary process into something quasi- (or actually) criminal in nature, I fully concur with the majority's determination that the finding of delinquency should be reversed.